UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GARY PATRICK MCKEE,

    Plaintiff,

v.                                         Case No.  3:16cv386/MCR/CJK

GOVERNOR RICK SCOTT, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a complaint on the form for use in actions arising under 28 U.S.C. § 1331 or § 1346, or 42 U.S.C. § 1983 (doc. 1), accompanied by a civil cover sheet (doc. 2) and motion to proceed *in forma pauperis* (doc. 3).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E).  After careful consideration, the undersigned concludes that this action should be dismissed for lack of subject matter jurisdiction.  Leave to proceed *in forma pauperis* will be granted for the limited purpose of dismissing this action.

Plaintiff is a resident of Pensacola, Florida.  (Doc. 1, p. 2).  Plaintiff is suing Governor Rick Scott, Florida Attorney General Pamela Bondi, General Counsel for

the Florida Health Department, United States Attorney General Loretta Lynch and Dr. Alan Farrugia, DDS.  (*Id*., pp. 1, 2).  Plaintiff indicates that defendants Scott, Bondi, General Counsel and Farrugia are domiciled in the State of Florida, and that defendant Lynch is domiciled in Washington, D.C.  (*Id*.).  This lawsuit arises from a dispute between plaintiff and Dr. Farrugia over dental implants.  Plaintiff alleges that he and Dr. Farrugia executed a contract five years ago for Dr. Farrugia to place upper and lower dental implants in plaintiff's jaw for $20,000.00, but Dr. Farrugia has not completed the work.  Plaintiff alleges that he filed an administrative complaint with the Florida Department of Health, and that after an investigation, "they took it to their Criminal Division and Asst. States Attorney for Dept. of Health Candance Rochester filed charges with Florida Dental Board."  (*Id*., p. 3).  Plaintiff complains that the Board has delayed action for years "with intent to hurt health wise plaintiff with criminal intentions."  (*Id*.).  Plaintiff attributes the Board's delay to "individuals behind the scenes telling the board and the general counsel to keep delaying".  (*Id*.).  Plaintiff is suing Governor Scott and Florida Attorney General Bondi because they "are responsible to their citizens and their protection."  (*Id*.).  Plaintiff is suing United States Attorney General Lynch on the grounds that she "is well aware of a multi-million dollar family estate in a vi[c]ious legal fight and very powerful people don't want me to be able to work so we have to sell."  (*Id*. (reference

to property address omitted)).  In describing the nature of his legal claims, plaintiff states:

> This Dentist said he put upper & lower in mouth all a lie his whole staff told investigators.  Need to find out the corrupt individuals working fed or state against me or it is soon going to get very ugly.  They now have investigations on a fed judge and special favors in Palm Beach, FL w/billionaires in Wash. D.C.  Most get dismissed.  This is full blown investigation hopefully thrown off bench soon after going in front of Judiciary, Senate, or retire in disgrace.

(Doc. 1, p. 4).  As relief, plaintiff seeks the following:

> Plaintiff be allowed to get his implants work and all repairs done immediately with his own prosthodontist and surgeon and the State pay all expenses up front and take legal action against dentist (Farrugia).  Demand law enforcement or agents working w/them refrain from following, listening, or impeding plaintiff's right to work or serious action will be taken.

(*Id.*).  Plaintiff's civil cover sheet identifies this action as a medical malpractice action, with subject matter jurisdiction based on diversity of citizenship.  (Doc. 2). Plaintiff indicates his citizenship as the State of Florida, and the citizenship of the defendants as the State of Florida and another State.  (*Id.*).  Plaintiff identifies the amount in controversy as $20,000,000.00.  (*Id.*).

The jurisdiction of the federal courts is limited by the scope defined by the Constitution and by statute.  *In re Carter*, 618 F.2d 1093, 1098 (5th Cir. 1980); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction.  They are

'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." (*quoting Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994))). "When a plaintiff files suit in federal court, [he] must allege facts that, if true, show federal subject matter jurisdiction over [his] case exists." *Travaglio v. American Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (*citing Taylor*, 30 F.3d at 1367). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n. 6 (11th Cir. 2001) ("'[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.'" (*quoting Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

      Plaintiff identifies the basis for this court's jurisdiction as diversity of citizenship. Diversity jurisdiction requires that the matter in controversy exceed the

sum or value of $75,000, and that the parties be citizens of different States. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *see also Travaglio*, 735 F.3d at 1268 (stating that a plaintiff invoking federal jurisdiction based upon diversity must include sufficient allegations in the complaint "so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant"). The allegations of plaintiff's complaint demonstrate that he and four of the five defendants are citizens of the same State – Florida. (Doc. 1, p. 2). As complete diversity is lacking, diversity of citizenship cannot provide a basis for this court's subject matter jurisdiction.

The court has also considered whether plaintiff's allegations, if true, show federal question jurisdiction since plaintiff filed his complaint on the form for use in actions under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). "A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

depends on resolution of a substantial question of federal law." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001). Plaintiff's allegations of a breach of contract and/or medical malpractice involving Dr. Farrugia arise under state law and do not arguably raise a federal question. To the extent plaintiff suggests he has a "right" to an investigation into, or protection from, criminal activity, that right is not sufficient to confer jurisdiction on a federal court. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Allen v. Wright*, 468 U.S. 737, 754, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984) ("[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court."). Plaintiff's allegations are insufficient to confer federal question jurisdiction on this court under 28 U.S.C. § 1331.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). As the deficiencies in plaintiff's complaint cannot be cured by amendment, this case should be dismissed.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 3) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

That this case be DISMISSED for lack of subject matter jurisdiction, and the clerk be directed to close the file.

At Pensacola, Florida this 5th day of August, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.